IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Maurice Campbell, Quentin Wimby, and Jabir Bashir,<br><br>Plaintiffs,<br><br>v.<br><br>Morris Brown College and Dr. Stanley Pritchett,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>)   NO:<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Jury Trial Demanded |

**Complaint for Damages and Injunctive Relief**

## I.  NATURE OF CLAIM

COME NOW, Plaintiffs, assert claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") for unpaid compensation, unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorney's fees on the grounds set forth below. Plaintiffs also seek relief where applicable as the result of conduct violating states laws.

## II.  JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S. C. 1391 (b)(2).

## III. THE PARTIES

3. Defendant is a non-profit organization incorporated under the laws of the State of Georgia, and is subject to personal service upon its registered agent, Dr. Stanley Pritchett. Defendant Morris Brown College ("Morris Brown") engages in interstate commerce with gross revenues exceeding $500,000.00 per year.

4. Defendant Dr. Stanley Pritchett ("Dr. Pritchett") is the President of Morris Brown and controlled the day to day operations and was aware that Morris Brown was not complying with its responsibilities pursuant to the FLSA.

5. Defendant Morris Brown is a resident of this judicial district and is subject to the jurisdiction of the Court.

6. Defendant Dr. Pritchett is a resident of this judicial district and is subject to the jurisdiction of the Court. He can be served at his place of employment.

7. Defendants were employers within the meaning of the FLSA, 42 U.S.C. § 203(d) and are not exempt under the Act.

## IV. FACTUAL ALLEGATIONS: CAMPBELL AND WIMBY

8. Plaintiffs Campbell and Wimby are former employees of Defendant, who have been denied the payment of minimum wage and overtime during the period of their employment for the last three years.

9. Plaintiffs Campbell and Wimby are residents of the State of Georgia and were "employees" [as defined under FLSA §3(e), 29 U.S.C. § 203 (e)(1)] of Defendants.

10. The Plaintiffs Campbell and Wimby performed non-exempt labor and were employed by Defendants with the agreement that Defendants would compensate them for their labor at an hourly rate plus overtime pay when applicable.

11. During the relevant time, Defendants knowingly failed to pay the Plaintiffs Campbell and Wimby their full hourly compensation for the hours worked, including the failure to pay overtime payments.

12. Overtime payments are required by FLSA § 7, 29 U.S.C. § 207 when an employee works over forty (40) hours in a workweek.

13. Defendants would sometimes give Plaintiffs Campbell and Wimby I.O.U.s or a partial payment of the employment compensation owed to them.

14. Sometimes, Defendants knowingly would not pay Plaintiffs Wimby and Campbell anything for their work.

15. As a result, Plaintiffs Wimby and Campbell were not paid minimum wage as required by 29 U.S.C. § 206.

16. Defendants failed to pay the Georgia Department of Labor unemployment taxes for Plaintiffs Wimby's and Campbell's compensation.

17. Due to Defendant's failure to pay unemployment taxes, these Plaintiffs were not able to collect the full amount of unemployment benefits due to them.

18. Plaintiffs made efforts to communicate with Dr. Pritchett and other school representatives the need for Defendants to follow the law and pay them, but the efforts were deliberately ignored.

19. Plaintiff Campbell is owed approximately $59,000.00 in lost wages excluding interest.

20. Plaintiff Wimby is owed approximately $59,000.00 in lost wages excluding interest.

## V. FACTUAL ALLEGATIONS: JABIR BASHIR

21. Plaintiff Bashir is a former employee of Defendant, who has been denied the payment of minimum wage and overtime during the period of his employment for the last three years.

22. Plaintiff Bashir was the chief of the security forces. Plaintiff Bashir was employed by Defendants with the agreement that Defendants would compensate Plaintiff Bashir for his labor at an hourly rate plus overtime pay when applicable.

23. During the relevant time, Defendants failed to pay the Plaintiff Bashir his full hourly compensation for the hours worked, including the failure to pay overtime payments.

24. Defendants would sometimes give Plaintiff Bashir I.O.U.s or a partial payment of the employment compensation owed to him.

25. Defendants would often not pay Plaintiff Bashir anything for his work.

26. As a result, Plaintiff Bashir was not paid minimum wage as required by 29 U.S.C. § 206.

27. Defendants failed to pay the Georgia Department of Labor unemployment taxes for Plaintiff Bashir's compensation.

28. Due to Defendant's failure to pay unemployment taxes, Plaintiff Bashir was not able to collect the full amount of unemployment benefits due to him.

29. Plaintiff Bashir made efforts to communicate to Dr. Pritchett and other school representatives the need for Defendants to follow the law and pay him the monies owed, but the efforts were intentionally ignored.

30. Plaintiff Bashir is owed approximately $85,500.00 excluding interest.

## VI. FEDERAL CLAIMS:   Violation of the FLSA

31. Plaintiffs incorporate all of the preceding paragraphs as if restated herein.

32. During the periods of employment Defendants knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiffs the overtime compensation to which they were entitled.

33. During the periods of Plaintiffs' employment, Defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

34. Plaintiffs seek all damages available to them, including but not limited to actual damages, liquidated damages, attorney fees and costs of litigation.

## VII. STATE LAW CLAIMS:   Promissory Estoppel

35. Plaintiffs incorporate all of the preceding paragraphs as if restated herein.

36. Plaintiffs relied upon promises made by the Defendants, and performed duties that resulted in an inequitable and unjust benefit to Defendants at Plaintiffs' expense.

37. Plaintiffs seek all damages available, including but not limited to punitive damages and attorney fees.

### Malicious Breach of Contract and Implied Breach of Contract

38. Plaintiffs incorporate all of the preceding paragraphs as if restated herein.

39. Plaintiffs had both oral contracts and written contracts that they would be paid monies owed due to their work performance.

40. Plaintiff transferred services for Defendants' promises to pay. Defendants failed to pay for the services, and thus Defendants received the benefits of these services without paying for them.

41. Plaintiffs seek all damages available, including but not limited to punitive damages, interest, attorney fees and costs of litigation.

**Conversion**

42. Plaintiffs incorporate all of the preceding paragraphs as if restated herein.

43. Plaintiffs had both oral contracts and written contracts that they would be paid monies owed due to their work performance.

44. Defendants failure to pay the monies owed is a breach of these contracts, and Plaintiffs have incurred damages.

45. Plaintiffs seek all damages available, including but not limited to punitive damages, interest, attorney fees, and costs of litigation.

**Unjust Enrichment**

46. Plaintiffs incorporate all of the preceding paragraphs as if restated herein.

47. In the alternative, Plaintiffs show that their labors conveyed a benefit to Defendants for which they were not compensated.

48. Defendants were unjustly enriched by the receipt of Plaintiffs' labors.

49. Plaintiffs should be compensated for their labors under the theory of *quantum meruit*.

50. Plaintiffs seek all damages available, including but not limited to punitive damages, interest, attorney fees, and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Court to:

A. Require Defendant to pay Plaintiff damages for unpaid compensation including overtime (calculated at one and on-half times the proper normal rate that Plaintiffs would have received but for Defendants' unlawful conduct) and interest;

B. Require Defendant to pay Plaintiffs liquidated damages as provided for under the FLSA;

C. Require Defendant to pay all damages available to Plaintiffs pursuant to each of the state law claims, including punitive damages where applicable, as determined by a jury.

D. Award Plaintiffs their reasonable attorney's fees and costs of litigation, plus interest;

E. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiffs;

F. Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of July 2012.

s/Jamie G. Miller
Jamie G. Miller
Ga. Bar No. 507159
Attorney for Plaintiffs

Law Office of Jamie G. Miller
3399 Peachtree Rd. NE, Suite 400
Atlanta, GA. 30326
404-601-2861
404-601-2893 (facsimile)
title7@earthlink.net